UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80824-CIV-SINGHAL

THE INDEPENDENT ORDER OF FORESTERS,

    Plaintiff,

v.

CATHLEEN GOLD-FOGEL, individually and as
natural guardian for her minor children,
A.F. and M.F., and DAVID FOGEL,

    Defendants.

CATHLEEN GOLD-FOGEL,

    Counter-Plaintiff,

v.

THE INDEPENDENT ORDER OF FORESTERS,
and DAVID FOGEL,

    Counter-Defendants.

_____/

## ORDER DIRECTING DEPOSIT INTO COURT REGISTRY, ORDER STAYING CASE, AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on the Plaintiff/Counter-Defendant The Independent Order of Foresters' Motion for Leave to Deposit Funds and Discharge, and Motion to Dismiss Cathleen Gold-Fogel's Counterclaim and Incorporated Memorandum of Law ("Motion for Leave to Deposit Funds and Discharge") (DE [41]); the Defendant/Counter-Defendant David Fogel's Renewed Motion to Stay Proceedings ("Motion to Stay") (DE [57]); and the Defendant/Counter-Plaintiff Cathleen Fogel's Motion

to Place Action on Non-Jury Trial Calendar and Reset the Dispositive Motions Deadline (DE [60]).  The matters are fully briefed and ripe for review.

I.     **BACKGROUND**

Plaintiff/Counter-Defendant The Independent Order of Foresters ("Foresters") is an incorporated fraternal benefit society incorporated in Canada.  On September 1, 2003, Foresters issued a life insurance policy ("Policy") insuring the life of Andrew A. Fogel (the "Decedent") in the face value of $3 million dollars.  At that time, the Decedent and Defendant/Counter-Plaintiff Cathleen Gold-Fogel ("Cathleen Gold-Fogel") were married with four children: Defendant David Fogel ("David Fogel") and three minor children, one of whom is deceased.  In 2010, the Decedent and Cathleen Gold-Fogel began divorce proceedings and entered into a Marriage Settlement Agreement ("MSA") on April 17, 2010.  Usually a dissolution of marriage would revoke a former spouse's interest in Death Benefits, however, the MSA specifically names Cathleen Gold-Fogel as the beneficiary and provides the funds would be used for the benefit of Cathleen Gold-Fogel and the children.

In 2018, David Fogel filed a petition against Cathleen Gold-Fogel alleging a misappropriation of child support under the MSA.  The case is still pending in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  Following the Decedent's death on March 26, 2019, both Cathleen Gold-Fogel and David Fogel filed a claim for benefits under the Policy with Foresters.  As such, Foresters is subject to competing claims for the Death Benefits due under the Policy.

In the Motion for Leave to Deposit Funds and Discharge (DE [41]), Foresters requests this Court enter an order (1) permitting it to deposit $2,000,000.00 plus interest

2

with the Court Registry representing insurance benefits (the "Death Benefits") on the life of the Decedent under life insurance policy number 4570347; (2) entering judgment of interpleader, discharging Foresters from any and all further liability as to any claim for the Death Benefits; (3) dismissing Cathleen Gold-Fogel's counter-claim for declaratory relief against Foresters with prejudice; and (4) reserving jurisdiction to award attorney's fees and costs to Foresters. David Fogel joined in the motion except with regard to the allegation that Cathleen Gold-Fogel is the primary beneficiary under the Policy. *See* (Joinder (DE [42]), filed Mar. 26, 2020).

In her opposition to the Motion for Leave to Deposit Funds and Discharge (DE [41]), Cathleen Gold-Fogel argues both Foresters and David Fogel's motions to dismiss her counterclaims are both untimely and waived by the filing of Answers to the counterclaims. Cathleen Gold-Fogel also argues Foresters is not entitled to attorney's fees or costs as Interpleader. Finally, she maintains Foresters should not be granted a general release that could encompass other claims she could have or could arise in the future, though she does not object to Foresters' request if it is limited to the Death Benefits.

## II. LEGAL STANDARD

### A. INTERPLEADER ACTIONS

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). An interpleader action typically proceeds in two stages. *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258,

3

262 (3d Cir. 2009). First, the court determines whether interpleader is proper and "whether to discharge the stakeholder from further liability to the claimants." *Id.* Second, the court evaluates "the respective rights of the claimants to the interpleaded funds." *Id.*

Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund. *See* Fed. R. Civ. P. 22(a)(1). "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it," or more specifically, "that he has been or may be subjected to adverse claims." *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (quoting *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974). "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Id.* (quoting *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641–42 (6th Cir. 2007).

### B. DEPOSIT INTO COURT

Federal Rule of Civil Procedure 67 requires a party who wishes to deposit with the Court "all or part of the money or thing" sought in a case to provide notice to every other party and to obtain leave from the Court. Fed. R. Civ. P. 67(a). The core purpose of Rule 67 is "to relieve the depositor of responsibility for a fund in dispute, such as in an interpleader action." *Klayman v. Judicial Watch, Inc.*, 650 Fed. Appx. 741, 743 (11th Cir. 2016) (citations omitted).

### C. MOTION FOR JUDGMENT ON THE PLEADINGS

In the Motion for Leave to Deposit Funds and Discharge (DE [41]), Foresters contends it is seeking judgment in its favor as a matter of law, which is akin to a motion for judgment on the pleadings or a motion for summary judgment. Pursuant to Federal

4

Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on the pleadings and those facts of which the court can take judicial notice. *See* Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne*, 140 F.3d at 1370. When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

### D. MOTION TO STAY

In *Colorado River Water Conservation District v. United States*, the Supreme Court addressed the circumstances in which federal courts should abstain from exercising their jurisdiction due to the existence of a parallel proceeding in one or more state courts. 424 U.S. 800 (1976); *see also Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). The *Colorado River* Court recognized that in certain "exceptional" circumstances abstention may be appropriate "due to the presence of a concurrent state proceeding." *Colorado River*, 424 U.S. at 818.

As a threshold matter, for the *Colorado River* abstention doctrine to apply, there must be "federal and state proceedings involv[ing] substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. For there to be parallel proceedings under *Colorado River*, "[e]xact identity between parties and issues is not required." *Flowers v. Fulton Cty. Sch. Sys.*, 654 Fed. Appx. 396, 399 (11th Cir. 2016); *see Ambrosia Coal*, 368 F.3d at 1329–30 (rejecting argument that "Colorado River

5

abstention is permissible only when the relevant federal and state cases share identical parties, issues, and requests for relief" as too formalistic and as "fly[ing] in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test for applying for the *Colorado River* abstention principle."). Rather, federal and state actions may be "inextricably intertwined"—and thus subject to abstention—when they stem from the same conduct. *Fed USA Franchising, Inc. v. Merille, Inc.*, 2013 WL 12155944, at *3 (M.D. Fla. Feb. 21, 2013).

Once the threshold has been met, a federal court considers six factors in determining the propriety of abstention: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* at 1331. These factors are to be applied flexibly and pragmatically, and no one factor is necessarily determinative. *Id.* at 1331–32 (citations omitted). Additionally, the court should consider "the vexatious or reactive nature of either the federal or the state litigation" in deciding whether abstention under *Colorado River* is proper. *Id.* at 1331 (citation omitted).

### III. DISCUSSION

#### A. Motion for Leave to Deposit Funds and Discharge (DE [41])

The "core purpose" of Federal Rule of Civil Procedure 67 is to "relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Zelaya/Capital Int'l Judgment, LLC*, 769 F.3d at 1302. Here, it is undisputed that Foresters is subject to competing claims from Cathleen Gold-

6

Fogel and David Fogel for the Death Benefits due under the Policy.  Foresters claims no interest in the Death Benefits, however, it is unable to determine whether David Fogel is entitled to a portion of the Death Benefits.  This Court agrees.  Furthermore, because Foresters claims no interest in the money or property except to the extent such payment discharges any and all obligations Foresters will owe to any party arising out of the Decedent's death and the payment of the Death Benefits, this Court finds permitting Foresters to withdraw from this action will facilitate judicial economy.

### B.  Motion to Stay (DE [57])

In his Motion to Stay (DE [57]), David Fogel requests this Court stay this action as the only issues remaining for this Court to consider are those between Cathleen and David with respect to the effect of the MSA on their entitlement to the contested funds, which is also pending in the state court.  Foresters consents to the Motion to Stay (DE [57]) to the extent that such stay would not delay this Court's ruling on its Motion for Leave to Deposit Funds and Discharge (DE [41]).  Foresters argues it should not be penalized by continuing to accrue interest while the matter is stayed in federal court or pending in the state court.  Cathleen Gold-Fogel, however, opposes the Motion to Stay (DE [57]), however, she requests an extension of all dispositive trial deadlines and for the matter to be moved to a non-jury calendar.  *See* (Mot. (DE [60]), filed Aug. 5, 2020).

An analysis of the pertinent facts weighs in favor of staying this action pending disposition of the state court action pursuant to *Colorado River*.  424 U.S. 800 (1976).  Here, the state court and the instant case concern the same issue: the MSA and the beneficiary of the Policy.  The parties are also substantially the same and involve the death of Decedent and the wrongful death of one of the children.  The state court will also

adequately protect the rights of all parties as all parties are already litigating these issues in state court and nothing prevents Cathleen Gold-Fogel from asserting counterclaims therein.  Finally, this Court's ruling in the matter would not settle the entire controversy, instead, it would have the unintended effect of piecemeal litigation.  *See J.M. Field Marketing, Inc. v. Propago, LLC*, 2020 WL 716894 at *3-5 (S.D. Fla. February 12, 2020).

The Eleventh Circuit, however, announced another test for abstaining and staying a proceeding in favor of a concurrent state court action in *Ameritas Variable Life Ins. Co. v. Roach.*  411 F.3d 1328 (11th Cir. 2005).  The only issue that remains to be determined is the effect of the MSA on the Fogel's entitlement to the contested funds.  In other words, who is the beneficiary under the Policy.  Where the facts weigh in favor of the state court litigation, "the Supreme Court has expressed that it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Id.* at 1330 (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant The Independent Order of Foresters' Motion for Leave to Deposit Funds and Discharge, and Motion to Dismiss Cathleen Gold-Fogel's Counterclaim and Incorporated Memorandum of Law (DE [41]) is **GRANTED**.

1. Plaintiff/Counter-Defendant The Independent Order of Foresters is **DIRECTED** to post **$2,000,000.00 plus interest** representing the Death Benefits on the life of the Decedent under life insurance policy number 4570347 into the Court's Registry **within thirty (30) days**.  *See Zelaya/Capital Int'l Judgment, LLC*, 769

F.3d at 1303 ("The federal courts, however, have overwhelmingly held that post-judgment statutory interest stops accruing once the disputed funds are deposited into the court's registry.") (citations omitted).

2. Upon deposit of the Death Benefits in the Court Registry, a judgment of interpleader is hereby **ENTERED** discharging Plaintiff/Counter-Defendant The Independent Order of Foresters from any and all further liability as to any claim for the Death Benefits. Such release is limited to the Death Benefits only.

3. Defendant/Counter-Plaintiff Cathleen Gold-Fogel's Counterclaim against Foresters for declaratory action pursuant to 28 U.S.C. § 2201 (Count I) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

1. Defendant/Counter-Plaintiff Cathleen Fogel's Motion to Place Action on Non-Jury Trial Calendar and Reset the Dispositive Motions Deadline (DE [60]) is **DENIED AS MOOT**.

2. Defendant/Counter-Defendant David Fogel's Renewed Motion to Stay Proceedings (DE [57]) is **GRANTED**.

   a. The proceedings of this case are **STAYED** pending the resolution of the Child Support Action, *In re: David Fogel v. Cathleen Fogel*, Case Number 50-2019-CP-004383-MB.

   b. Defendant/Counter-Defendant David Fogel is **DIRECTED** to file a status report on **November 30, 2020**, apprising the Court of the status of its state court actions, and every ninety (90) days thereafter.

   c. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

      d. Any pending motions are **DENIED AS MOOT**.

      e. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

      f. Any party to this action may request the Court to reopen the case if the circumstances change so that this action may proceed to final disposition.

3. Furthermore, this Court reserves jurisdiction to award attorney's fees and costs.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 2nd day of September 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF